Diawara v. Holder

BIA
Rohan, IJ
A079 596 035

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of April, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> GUIDO CALABRESI,
> PETER W. HALL,
>> *Circuit Judges.*

_____

SAMBA DIAWARA,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-5018-ag
NAC

_____

FOR PETITIONER: H. Raymond Fasano, Youman, Madeo & Fasano LLP, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Ada E. Bosque, Senior Litigation Counsel; Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Samba Diawara, a native and citizen of Mauritania, seeks review of a November 10, 2010, order of the BIA affirming the January 27, 2009, decision of Immigration Judge ("IJ") Patricia A. Rohan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Samba Diawara*, No. A079 596 035 (B.I.A. Nov. 10, 2010), *aff'g* No. A079 596 035 (Immig. Ct. N.Y. City Jan. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA, and assume Diawara's credibility. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The only issue before us is whether Diawara demonstrated his eligibility for withholding of removal. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Diawara argues that the agency erred in declining to credit the national identification card he proffered, and in giving limited weight to the letter from his mother. However, the IJ discussed her reasons for concluding that the identification card was not authentic, and "we afford IJs considerable flexibility in determining the authenticity of . . . documents from the totality of the evidence . . .." *Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008). Moreover, the weight afforded to an applicant's evidence in immigration proceedings lies largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 338, 342 (2d Cir. 2006).

Diawara further argues that the agency erred in requiring that he provide further corroborating evidence in support of his claim. However, "[w]hile consistent, detailed, and credible testimony may be sufficient to carry [an] alien's burden, evidence corroborating his story, or an

2

explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285(2d Cir. 2000). Before denying a claim solely based on an applicant's failure to provide corroborating evidence, the agency must "explain specifically . . . why it is reasonable under the BIA's standards to expect such corroboration[ ] and . . . why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id*. at 290. Here, the IJ identified the type of corroborating evidence that Diawara would have to present to corroborate his claim and adjourned proceedings twice in order to allow Diawara to obtain such documentation. Diawara neither provided additional corroborating evidence nor explained to the agency why he was unable to provide such documentation. *See id*. at 285-86; *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Accordingly, the agency did not err in determining that his testimony alone could not establish past persecution or a likelihood of future persecution.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk